UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-184 |
| BLAIR TAYLOR | * | SECTION L(5) |

**ORDER AND REASONS**

Before the Court is the United States' Motion in Limine to Admit Recorded Jail Calls, R. Doc. 44. Defendant has not responded to the motion. Considering the briefing, the record, and the applicable law, the Court rules as follows.

I.   BACKGROUND

This case arises out of an alleged shooting, resulting in the deaths of two individuals. On August 10, 2014, the New Orleans Police Department responded to 911 calls at 5437/5439 Burgundy Street in New Orleans, Louisiana. They found two victims dead on the scene: a 16-year-old girl, J.A., and a 33-year-old man, T.M. Five other people had been shot, including children ages 2, 4, and 13.

After the shooting, detectives received multiple tips about the perpetrators and their vehicle. Detectives conducted surveillance, identified the vehicle, and arrested Mr. Taylor. They obtained a warrant and searched both Mr. Taylor's apartment and the apartment of Mr. Rivers, an alleged participant in the shooting. In Mr. Rivers' apartment, detectives found a 9mm handgun on top of the kitchen cabinets. The Government alleges that this weapon was used in the shooting, and that Mr. Taylor placed the handgun in this location.

After his arrest, Mr. Taylor faced state law charges for second-degree murder, attempted second degree murder, and obstruction of justice. On October 21, 2022, a Louisiana jury found Mr. Taylor not guilty. On August 18, 2023, a federal grand jury issued a two-count indictment against Mr. Taylor. R. Doc. 1. Both counts charge Mr. Taylor with causing death through the use of a firearm on August 10, 2014, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (2). These crimes were allegedly committed in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. §§ 841 and 846. Each count is as to a different victim; Count 1 is as to the death of J.A. and Count 2 is as to the death of T.M. Mr. Taylor is set to go to trial on June 17, 2024. .

## II.     PRESENT MOTION

The Government seeks to include at trial a recording of a call which they allege Mr. Taylor made from jail to his then-girlfriend, Ashley Shorts, on August 16, 2014. R. Doc. 44-1 at 3-4. In the call, Mr. Taylor asks Ms. Shorts whether there is "still, that um, that hammer still in the kitchen." *Id*. at 4. Ms. Shorts then replies that the hammer is "gone" and that "they got it" to which Mr. Taylor responds "ah, man" and "man, man, man." *Id.* The Governments intends to argue at trial that by "hammer" Mr. Taylor actually meant a 9mm handgun. *Id.* The government alleges that such a handgun was used in the shootings and later found in the kitchen of an apartment to which Mr. Taylor had access. *Id.* Thus, the government seeks to admit this evidence as proof of Mr. Taylor's involvement in the shooting. *Id.*

The Government contends that this call is admissible evidence. *Id.* at 5-6. First, it argues that Mr. Taylor's statements are admissible as non-hearsay under Fed. R. Evid. 801(d)(2) because they are statements of a party-opponent offered against him. *Id.* at 5. Second, it contends that Ms. Shorts' statements are admissible as non-hearsay because they are not offered for the truth of the matter asserted. *Id.* at 5-6. Rather, they are offered to give context to Mr. Taylor's statements. *Id.*

The Government contends that it would be difficult for the jury to understand Mr. Taylor's statements if all of Ms. Shorts' statements are redacted. *Id.* at 6. Thus, the Court should admit Ms. Shorts' statements with a limiting instruction directing the jury that they are not to be taken for the truth of the matter asserted. *Id.*

The Defendant has not responded to the Government's motion.

### III. LAW & ANALYSIS

Here, the recording is admissible as non-hearsay. As to Mr. Taylor's statements, a statement is "not hearsay" if it is "offered against an opposing party and . . . was made by the party." Fed. R. Evid. 801(d)(2)(A). Thus, "[h]earsay problems are not a concern if the jury believes that the defendant was one of the participants in the conversation; any statements he made would be admissible as a statement of a party opponent." *United States v. Thompson*, 130 F.3d 676, 683 n.7 (5th Cir. 1997). Here, the parties have stipulated to the authenticity of the recording. R. Doc. 41. These statements are thus admissible. *Id.*

The other statements on the call, which the government alleges were made by Ms. Shorts, are admissible to give context to Mr. Taylor's statements. The Fifth Circuit has repeatedly held that "reciprocal and integrated utterances" that put the defendant's statements "in context" are admissible where they are not offered for the truth of the matter asserted. *United States v. Flores*, 63 F.3d 1342, 1358 (5th Cir. 1995); *see also United States v. Dixon*, 132 F.3d 192, 199 (5th Cir. 1997) (holding that the one side of a recorded conversation was admissible as party-opponent statements and the other side was admissible for context); *United States v. Cheramie*, 51 F.3d 538, 541 (5th Cir. 1995) (same). Courts frequently enter a limiting instruction directing the jury that the statements by the non-party are only to be used as context and should not be taken for

the truth of the matter asserted. *See Cheramie*, 51 F.3d at 541; *United States v. Octave*, 575 F. App'x 533, 538 (5th Cir. 2014).

Here, Ms. Shorts' alleged statements give Mr. Taylor's statements context. If her statements were redacted, the jury's ability to comprehend Mr. Taylor's statements would be impaired. For example, after Mr. Taylor asks about the whereabouts of the "hammer," Ms. Shorts replies, "they got it" to which Mr. Taylor responds "ah, man" and "man, man, man." R. Doc. 44-3 at 2. Without Ms. Shorts' statement, the jury would have a difficult time interpreting Mr. Taylor's statements of "ah man" and "man, man, man." Overall, Ms. Shorts' statements are necessary to give context to the conversation. *Flores*, 63 F.3d at 1342.

IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the United States' Motion, R. Doc. 44 is **GRANTED**. The Court finds that the recorded jail call is admissible non-hearsay.

New Orleans, Louisiana, this 12th day of June, 2024.

HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE