UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 22-184 |
| BLAIR TAYLOR | * | SECTION L(5) |

### ORDER AND REASONS

Before the Court is the United States' Motion in Limine to Exclude Reference to and/or Evidence of Defendant's February 2017 Guilty Verdict and October 2022 Not Guilty Verdict. R. Doc. 40. Defendant has not responded to the motion. Considering the briefing, the record, and the applicable law, the Court rules as follows.

I. BACKGROUND

This case arises out of an alleged shooting, resulting in the deaths of two individuals. On August 10, 2014, the New Orleans Police Department responded to 911 calls at 5437/5439 Burgundy Street in New Orleans, Louisiana. They found two victims dead on the scene: a 16-year-old girl, J.A., and an adult man, T.M. Five other people had been shot, including children ages 2, 4, and 13.

Three days later, Mr. Taylor was arrested for these crimes. He faced state law charges for second-degree murder, attempted second degree murder, and obstruction of justice. On February 2, 2017, Mr. Taylor was found guilty of all charges by a non-unanimous jury, (11-1), which was then permitted under Louisiana state law. However, after Mr. Taylor's conviction but prior to his appeal, the United States Supreme Court found non-unanimous juries unconstitutional in *Ramos*

*v. Louisiana*, 590 U.S. 83 (2020). Accordingly, Mr. Taylor was granted a new trial. On October 21, 2022, a jury found Mr. Taylor not guilty.

On August 18, 2023, a federal grand jury issued a two-count indictment against Mr. Taylor. R. Doc. 1. Both counts charge Mr. Taylor with causing death through the use of a firearm on August 10, 2014, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (2). *Id.* These crimes were allegedly committed in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. §§ 841 and 846. *Id.* Each count is as to a different victim; Count 1 is as to the death of J.A. and Count 2 is as to the death of T.M. *Id.* Mr. Taylor is set to go to trial on June 17, 2024.

## II.     PRESENT MOTION

The Government seeks to exclude at trial evidence or references concerning Mr. Taylor's February 2, 2017 guilty verdict and his October 21, 2022 not guilty verdict. R. Doc. 40. The Government makes three arguments in support. R. Doc. 40-1. First, the Government argues that both prior verdicts are irrelevant: they merely show that the state succeeded or failed to prove certain other elements of different charges beyond a reasonable doubt. *Id.* at 4-6. Second, the Government argues that the prior judgements are hearsay, and do not fall within any hearsay exceptions or exemptions. *Id.* at 6. Finally, the Government argues that the unfair prejudice of admitting evidence of these judgments would outweigh its probative value under Fed. R. Evid. 403. *Id.* at 6-7. The Government contends that the prior conflicting verdicts have no probative value and there is a substantial likelihood that discussion of the verdicts would confuse the jury. *Id.*

The Defendant has not responded to the Government's motion.

III.     LAW & ANALYSIS

The government argues that evidence of the prior verdicts should be excluded, as such evidence is (1) irrelevant (2) inadmissible hearsay, and (3) unfairly prejudicial under Fed. R. Evid. 403. R. Doc. 40-1. Each argument is addressed in turn.

### A. Defendant's Prior Acquittal is Not Admissible

First, prior acquittals are irrelevant to the merits of later charges. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The United States Court of Appeals for the Fifth Circuit has "squarely held that, as a general matter, a trial court does not abuse its discretion in excluding evidence of a prior acquittal on a related charge." *United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999). This is because the acquittal "does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *United States v. Kerley*, 643 F.2d 299, 300–01 (5th Cir. 1981) (holding that a police officer's state court acquittal on battery charges was not admissible in a later federal prosecution arising from the same conduct). Rather, a past acquittal is only relevant where the defendant has raised issues of double jeopardy. *Id.* (citing *United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979)).

Second, prior acquittals are inadmissible hearsay. *United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999) ("[A] judgment of acquittal is hearsay not otherwise exempt from the operation of the hearsay rule."). Finally, prior acquittals are usually excluded under Fed. R. Evid.

403. *See id.* ("And, even if not for these barriers to admissibility, evidence of a prior acquittal will often be excludable under Fed. R. Evid. 403, because its probative value likely will be substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury.")

Here, Defendant's prior acquittal should be excluded on all three of these grounds. The acquittal is irrelevant, as Defendant has not raised double jeopardy. *Kerley*, 643 F.2d at 300–01. Even if the acquittal were relevant, it is inadmissible hearsay. *De La Rosa*, 171 F.3d at 219. And finally, the acquittal is inadmissible under Fed. R. Evid. 403. *Id.* The jury would be seriously confused and misled if they were to hear of a prior verdict on state law charges arising from the same conduct as the current federal prosecution.

### B. Defendant's Prior Conviction is Not Admissible

Similarly, Defendant's past guilty verdict should be excluded. First, the Government itself argues that the conviction is not relevant and should be excluded. R. Doc. 40-1 at 7-8. Thus, no party advocates for its admissibility. Second, this past conviction should be excluded under Fed. R. Evid. 403. The conviction was eventually vacated by the Louisiana Fourth Circuit Court of Appeal as unconstitutional because it was decided by a non-unanimous jury. *State v. Taylor*, 2018-1039 (La. App. 4 Cir. 6/17/20), 302 So. 3d 145, 146. It would create unfair prejudice to allow the jury to hear evidence of a conviction that was later vacated as unconstitutional. And, evidence of this conviction, like evidence of the acquittal, would mislead and confuse the jury as to the charges and elements at issue in the present case. *See De La Rosa*, 171 F.3d at 219. Because the risk of unfair prejudice is substantial and the probative value low, the prior conviction must be excluded under Rule 403.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the United States' Motion, R. Doc. 40 is **GRANTED**. Should the parties need to reference any witness's prior testimony at trial in the present matter, **IT IS ORDERED** that the parties refer to the prior trials in general terms. For example, the parties can refer to the witness's testimony "in a prior proceeding related to this matter" or "in a previous hearing regarding this case." Overall, parties should not disclose the existence of prior verdicts to the jury.

New Orleans, Louisiana, this 12th day of June, 2024.

_____
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE