UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-184 |
| BLAIR TAYLOR | * | SECTION L(5) |

**ORDER AND REASONS**

Before the Court is the United States' Notice of Intent to Introduce Extrinsic Evidence, R. Doc. 43. Defendant opposes introduction of the evidence. R. Doc. 50. Considering the parties' briefing, the record, and the applicable law, the Court rules as follows.

I.      BACKGROUND

This case arises out of an alleged shooting, resulting in the deaths of two individuals. On August 10, 2014, the New Orleans Police Department responded to 911 calls at 5437/5439 Burgundy Street in New Orleans, Louisiana. They found two victims dead on the scene: a 16-year-old girl, J.A., and a 33-year-old man, T.M. Five other people had been shot, including children ages 2, 4, and 13.

After the shooting, detectives received multiple tips about the perpetrators. Detectives conducted surveillance and arrested Mr. Taylor. They obtained a warrant and searched both Mr. Taylor's apartment and the apartment of Mr. Rivers, an alleged participant in the shooting. In Mr. Rivers' apartment, detectives found a 9mm handgun on top of the kitchen cabinets. The Government alleges that this weapon was used in the shooting, and that Mr. Taylor placed the handgun in this location.

After his arrest, Mr. Taylor faced state law charges for second-degree murder, attempted second degree murder, and obstruction of justice. On October 21, 2022, a Louisiana jury found Mr. Taylor not guilty. On August 18, 2023, a federal grand jury issued a two-count indictment against Mr. Taylor. R. Doc. 1. Both counts charge Mr. Taylor with causing death through the use of a firearm on August 10, 2014, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (2). These crimes were allegedly committed in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. §§ 841 and 846. Each count is as to a different victim; Count 1 is as to the death of J.A. and Count 2 is as to the death of T.M. Mr. Taylor is set to go to trial on June 17, 2024.

## II.     PRESENT MOTION

The Government seeks the Court's permission to introduce evidence of Mr. Taylor's February 23, 2013 arrest for illegal carrying of a firearm while in possession of a controlled substance. R. Doc. 43 at 5-6. This arrest took place during a traffic stop. *Id.* at 6. An officer observed a vehicle, in which Mr. Taylor was a passenger, driving recklessly. *Id.* After the officer activated his sirens, he allegedly observed Mr. Taylor reach into the backseat. *Id.* When the officer stopped the car, he searched the backseat and found a handgun and a cigar later found to contain marijuana. *Id.* Mr. Taylor was arrested, but the arrest did not result in a conviction. *Id.*

The Government argues that this evidence should be admitted under Fed. R. Evid. 404(b). *Id.* at 7. It contends that Mr. Taylor's prior arrest is relevant for two proper non-character purposes. *Id.* at 9-11. First, the Government argues that the prior arrest shows Mr. Taylor's knowledge and intent to commit the present charged offense. *Id.* The Government draws a parallel between his prior arrest—where he allegedly possessed a firearm and attempted to hide it from a law enforcement officer—and his current charges, where he allegedly possessed a firearm, committed the shootings, and later tried to hide the firearm in the kitchen of his associate's apartment. *Id.* The

Government thus contends that the prior arrest "lessens the likelihood that the defendant committed the charged offense with innocent intent" and shows "knowledge . . . of the illegality of his actions." *Id.* at 9-10. Second, the Government avers that the arrest goes to Mr. Taylor's modus operandi because he allegedly concealed a firearm from the police in both the prior arrest and the present charged conduct. *Id.* at 10. Finally, the Government contends that the probative value of the evidence is not substantially outweighed by unfair prejudice. *Id.* at 11-14. It argues that the evidence of the prior wrong is not graphic, the government needs the evidence, the offenses were similar and close in time, and the court can offset any unfair prejudice with a limiting instruction. *Id.*

Defendant opposes introduction of the evidence. R. Doc. 50. He avers that the arrest is very different from the present charges in that it involved marijuana possession and a legally acquired gun, not violent killings. *Id.* at 2-3. Further, he argues that the arrest is inadmissible under Fed. R. Evid. 403. *Id.* at 4. Mr. Taylor contends that the evidence has little to no probative value and will cause unfair prejudice by suggesting to the jury that he regularly carries guns and uses drugs. *Id.*

### III.    APPLICABLE LAW

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The United States Court of Appeals for the Fifth Circuit has developed a two-part test to determine if evidence of prior crimes, wrongs, or acts is admissible. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Id.* "Second, the evidence must possess probative

value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

IV.     DISCUSSION

The Government argues that inclusion of Mr. Taylor's 2013 arrest is relevant to issues besides character—namely, intent and modus operandi—and that inclusion of the evidence would not cause unfair prejudice. R. Doc. 43 at 7-14. These arguments are examined in turn.

**A. Mr. Taylor's Prior Arrest is Not Relevant to His Pending Charges.**

First, the Government contends that Mr. Taylor's prior arrest for illegal possession of a firearm while in possession of a controlled substance is relevant to his intent or knowledge to commit the charged crime of causing death through use of a firearm. *Id.* at 7-11. It relies on the fact that both arrests involved allegations that Mr. Taylor had a firearm and concealed it. *Id.* However, this argument is unpersuasive.

The relevance of evidence of prior crimes or wrongs ("extrinsic evidence") "is a function of its similarity to the offense charged." *Beechum*, 582 F.2d at 911. "In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic." *Id.* Rather, "[f]or the purposes of determining relevancy, "a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand." *Id.*

Here, the Government contends that evidence of Mr. Taylor's arrest is significant in that it shows "knowledge and intent of the illegality of his actions." R. Doc. 43 at 9-10. However, the Fifth Circuit has consistently held that "[i]n the context of a weapon-possession case, Rule 404(b) evidence of intent is relevant to a theory of constructive possession, but not to a theory of actual possession." *United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010); *see also United States v.*

*Jones*, 484 F.3d 783, 788 (5th Cir. 2007). This is because in actual possession cases, the element of knowledge or intent to possess the firearm is not genuinely at issue. *Jones*, 484 F.3d at 788. To prevail, the Government must necessarily show that the defendant "physically possesses the thing." *Id.* Once it has made this showing, knowledge of possession is necessarily established. *Id.* Conversely, in constructive possession cases, the Government must only demonstrate that the defendant "exercised dominion or control" over the area where the firearm was found. *Id.* Because the defendant's intent to possess is commonly a contested element in constructive possession cases, evidence of past convictions for possession of a firearm can be probative of the defendant's knowledge or intent to possess. *Id.*

The reasoning of *Jones* applies even more strongly to the present case. *Id.* The Government has not charged Mr. Taylor with possession of a firearm; rather, it has alleged that he "did knowingly use, carry, brandish, and discharge" a firearm and that he "killed J.A. [and T.M.] through the use of a firearm." R. Doc. 1 at 2. To prove that Mr. Taylor "discharge[d] a firearm," and "killed" the victims, the Government will attempt show that Mr. Taylor physically possessed and fired a firearm. *Id.* Thus, whether Mr. Taylor had intent to possess, as a separate matter, will not truly be at issue. Simply put, his alleged intent to *possess* a firearm in his prior arrest is not probative of his intent to *discharge* a firearm and kill the victims in the present case.

Second, as to modus operandi, the similarity between the circumstances of Mr. Taylor's past arrest and those of the present allegations are not sufficiently similar to meet the threshold of relevance. "Evidence of modus operandi is admissible to prove identity only if the circumstances of the extraneous act were so similar to the offense in question that they evince a signature quality—marking the extraneous act as the handiwork of the accused." *United States v. Ricard*, 922 F.3d 639, 654 n.12 (5th Cir. 2019). Here, the Government alleges that the fact that Mr. Taylor

allegedly put the firearm in the backseat in the prior incident parallels him hiding a handgun in a kitchen after the shooting in the present incident. R. Doc. 43 at 10. The Court does not find that placing a firearm in a backseat during a traffic stop is "so similar" to hiding a murder weapon after a shooting as to evidence a "signature quality." *Ricard*, 922 F.3d at 654 n.12.

### B. Any Minimal Probative Value of the Prior Arrest is Outweighed by Unfair Prejudice.

The second step of the *Beechum* test is essentially to conduct a Rule 403 analysis. 582 F.2d at 911. Relevant factors to the 403 analysis are "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015). Here, even if Mr. Taylor's arrest had some minimal relevancy, the probative value of the evidence would be substantially outweighed by the unfair prejudice caused by admitting the evidence. Fed. R. Evid. 403.

The factors laid out in *United States v. Smith* militate in favor of exclusion. First, the Government does not have a significant need for the evidence. 804 F.3d at 736. The Government intends to call Mr. Taylor's associates, as well as other witnesses, to testify to his involvement in the crime. A past arrest for illegal possession of a firearm will not be a key piece of evidence for determining whether Mr. Taylor is guilty of the charged killings. Second, as to similarity, an arrest involving hiding a weapon is the backseat is not substantially similar to a charge of using a firearm to kill two people. Third, the arrest occurred about eighteen months before the charged conduct, which is not particularly close in time. And fourth, there is a substantial risk that, even with a limiting instruction, the jury would simply construe Mr. Taylor's past arrest as evidence of bad character or propensity to commit crimes. This is precisely the kind of outcome that Rule 404(b) seeks to prevent.

Furthermore, the extrinsic evidence the Government presents is an arrest, not a conviction. Evidence of prior bad acts can be admissible even if the activity did not result in a conviction. *United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008). However, such evidence bears an increased risk of unfair prejudice. *Beechum*, 582 F.2d at 914 ("[D]anger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged."). Additionally, the admission of such evidence can create factual issues surrounding the events of the prior arrest which could distract and confuse the jury. *See United States v. Lightfoot*, No. CV 17-00274, 2018 WL 5269827, at *3 (W.D. La. Oct. 22, 2018) (declining to admit evidence of a prior arrest under Rule 403 because "the Court does not intend to [hold] a trial within a trial on whether [Defendant] also committed a state court crime").

Overall, even if Mr. Taylor's prior arrest is relevant to the charged offense, it must be excluded under Fed. R. Evid. 403 and 404(b).

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the United States' request to admit extrinsic evidence, R. Doc. 43 is **DENIED**.

New Orleans, Louisiana, this 12th day of June, 2024.

HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE